IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00122-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| JOSHUA LEE CROCKER, | |
| Defendant. | |

Amy E. Potter
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, OR 97401

    Attorney for Plaintiff

Conor Huseby
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Joshua Lee Crocker moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the reasons explained below, the Court denies Defendant's Motion to Reduce Sentence.

## BACKGROUND

Defendant pleaded guilty to one count of Felon in Possession of a Firearm on June 21, 2018. Pet. & Order Entering Guilty Plea, ECF 31. The Court sentenced Defendant to an 80-month term of imprisonment followed by a three-year term of supervised release on October 3, 2018. J. & Commitment, ECF 41. Defendant has been in custody since 2016. At the time Defendant filed his motion, he had served over 78% of his sentence. Def. Mot. Red. Sent. ("Def. Mot.") 2, ECF 45. Defendant is currently serving his sentence at USP Atwater. As of November 23, 2020, USP Atwater had a prison population of 1,055 with no reported deaths due to COVID-19 and no inmates testing positive for COVID-19.[1]

Defendant is currently 40 years old. He has a history of smoking, Post-Traumatic Stress Disorder ("PTSD"), and high blood pressure readings. Approximately two and half years ago, his mother suffered a stroke. Def. Ex. B at 1, ECF 50. As a result, she has limited peripheral vision in her right eye and suffers from macular degeneration, which has damaged her left eye. *Id*. She reportedly cannot drive, cook, make phone calls to numbers she is unfamiliar with, read, or engage in most daily activities. Def. Mot. 6. She receives monthly injections to her eye at a medical facility located three hours from her home in Mt. Vernon, Oregon. Def. Ex. B at 1. Defendant's mother's spouse works as mechanic and engine boss for a wildfire suppression and

---

[1] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated Nov. 23, 2020).

forest restoration company. *Id*. During wildfire season, her spouse can be away from home for up to 14 days a time. *Id*. Her spouse works seasonally and, when he is not out of town working, spends evenings at home with her. *Id*. Upon release, Defendant would return to his mother's home to help with her daily needs and drive her to medical appointments. Def. Mot. 20. Alternatively, Defendant would be willing reside at a residential reentry center (RRC) before transitioning to his mother's home. Def. Reply Gov. Resp. ("Def. Reply") 5, ECF 54.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release by a defendant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances, including "death or incapacitation of the caregiver of the defendant's minor child"; and (D) other reasons, as determined by the Director

3 – OPINION & ORDER

of the Bureau of Prisons, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n.1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## DISCUSSION

Defendant moves the Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(1). The extraordinary and compelling reasons that Defendant argues warrant his release are (1) his own risk of complications from COVID-19 while in custody and (2) his mother's need for care. Def. Mot. 11–20. The Government opposes Defendant's motion, arguing both that Defendant has not met his burden in demonstrating extraordinary and compelling reasons warrant a reduction in his sentence and that Defendant remains a danger to the community. Gov. Resp. Def. Mot. 3–5, ECF 52. Because Defendant has not demonstrated extraordinary or compelling reasons for his

release and remains a danger to others or to the community, the Court declines to reduce Defendant's sentence.[2]

I.  **Extraordinary and Compelling Reasons**

Defendant argues that his medical conditions—including high blood pressure readings, PTSD, and a history of smoking—warrant a reduction of his sentence to time served because COVID-19 is rapidly spreading through Bureau of Prisons ("BOP") facilities. Defendant also argues that the need to care for his incapacitated mother is a second, independent, extraordinary and compelling reason to reduce his sentence.

A.  Defendant's Health Conditions

Defendant's own risk of complications from contracting COVID-19 while in custody at USP Atwater is not an extraordinary or compelling reason for his release. According to the CDC, older adults—especially those over 65—are more likely to become severely ill from COVID-19.[3] The CDC has also identified certain health conditions that increase a person's risk of severe illness from COVID-19 regardless of age, including smoking.[4] Additionally, the CDC has identified high blood pressure as condition that *might* increase risk of serious illness from COVID-19.[5]

As an inmate, Defendant is understandably concerned about his potential exposure to COVID-19, a virus that thrives in crowded, and confined spaces. But Defendant, at 40 years old,

---

[2] Defendant appears to have met the exhaustion requirement of the statute as 30 days have passed since he submitted his request for compassionate release to the Warden on June 20, 2020. *See* 18 U.S.C. § 3582(c)(1)(A). The Government does not address this issue.
[3] *See People at Increased Risk*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last updated Nov. 2, 2020).
[4] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020).
[5] *Id.*

5 – OPINION & ORDER

is younger than the high-risk group identified by the CDC. Though Defendant has had some high blood pressure readings during his time in BOP custody, Defendant's medical record does not show a high blood pressure diagnosis or that Defendant takes high blood pressure medication. Def. Ex. A, ECF 50. And while Defendant is reportedly concerned about his elevated blood pressure, there is no indication that he has expressed his concerns to a medical provider. The Court also acknowledges that the circumstances of COVID-19 undoubtedly present challenges for people managing mental health conditions in prison and is sympathetic to Defendant's concerns. However, PTSD is not a condition identified by the CDC that increases an individual's risk of severe illness caused by COVID-19.[6] *See also United States v. McKinney*, No. CR18-096RSM, 2020 WL 6076898, at *4 (W.D. Wash. Oct. 15, 2020) (finding that while the stress and anxiety of the COVID-19 pandemic may exacerbate PTSD symptoms, the defendant did not demonstrate that his PTSD rendered him immunosuppressed to the extent to he was at risk of severe illness from COVID-19). Defendant's history of smoking places him at a higher risk if he contracts COVID-19. But given that Defendant's risk factors otherwise remain low and there are no active cases at his facility, Defendant's medical condition is not an extraordinary or compelling reason to reduce his sentence to time served. *See United States v. Slate*, No. CR 15-00893 (01) JMS, 2020 WL 4722382, at *3 (D. Haw. Aug. 13, 2020) ("Although Defendant's smoking may place him at a higher risk if he contracts COVID-19, he has no other medical conditions that place him at an elevated risk. Further, Defendant is 36 years old, and the number of COVID-19 cases at FCI Beaumont Low has dropped dramatically over the past few months.").

/ / /

---

[6] *See id.*

B.     Defendant's Need to Care for His Mother

Defendant's need to care for his mother is not an extraordinary and compelling reason for a sentence reduction. District courts disagree about whether a parent's incapacity is an extraordinary and compelling reason to reduce a defendant's sentence when the defendant is the only available person to care for the sick parent. *Compare United States v. Baye,* 464 F. Supp. 3d 1178, 1190 (D. Nev. 2020) (finding that the need to care for a sick parent was not an extraordinary and compelling reason to reduce sentence because many inmates have aging and sick parents) *with United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding that the defendant's need to care for his ailing mother was an extraordinary and compelling reason to reduce his sentence). Most district courts agree, however, that when a defendant has not shown that he or she is the only available caretaker, compassionate release is not warranted. *See United States v. Nevers*, No. CR 16-88, 2020 WL 3077034, at *7 (E.D. La. June 10, 2020) (finding that the petitioner's family circumstances did not amount to extraordinary and compelling reasons because there were "no indication[s] that Petitioner [was] the only potential caregiver for her mother"); *United States v. Greene*, No. 1:17-CR-00012-NT-1, 2020 WL 4475892, at *5 (D. Me. Aug. 4, 2020) (denying compassionate release to a 40-year-old with a history of smoking and finding that because defendant's siblings could potentially care for defendant's sick mother, compassionate release was not warranted). In this case, it is unclear whether Defendant is the only available caretaker for his mother. When Defendant's stepfather is not on the road during wildfire season, he is reportedly available in the evenings and on the weekends. Def. Ex. B at 1. But the Court need not resolve this question because, as explained below, the Defendant remains a danger to others and the community.

/ / /

7 – OPINION & ORDER

**II.     Factors Under 18 U.S.C. §§ 3142(g) & 3553(a)**

Defendant argues that a period of home confinement, instead of incarceration at USP Atwater, "satisfies the purposes of punishment under § 3553(a)" while allowing him to protect himself from exposure to COVID-19. Def. Mot. 21. When a court has determined that extraordinary and compelling reasons warrant a reduction of the defendant's sentence, the court must then determine whether the defendant remains a danger to others or to the community under 18 U.S.C. § 3142(g) and whether compassionate release accords with the sentencing factors in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. The factors considered by the court when deciding whether a defendant is a danger to the safety of any other person or to the community include: (1) the nature and circumstances of the offense (including whether the offense is a crime of violence or involves a controlled substance or firearm); (2) the weight of the evidence; (3) the history and characteristics of the defendant (including, among other things, the defendant's character, physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings); and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g). Similarly, the sentencing factors under 18 U.S.C. § 3553(a) factors include, but are not limited to, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence of criminal conduct, and protect the public.

Defendant's release is not warranted because he remains a danger to the community and his sentence is not greater than necessary to comply with the purposes for sentencing set out in 18 U.S.C. § 3553(a)(2). The nature of Defendant's crime was serious. This was Defendant's second conviction for Felon in Possession of a Firearm. At the time of his arrest, Defendant was

armed with a gun and fought with police while trying to flee. Defendant injured two officers who sought medical attention.

The history and characteristics of Defendant are significant. Defendant's lengthy criminal history involves multiple acts of violence, crimes involving weapons, attempts to elude, failure to appear, and drug-related conduct. In addition, despite being in custody since 2016, Defendant has continued to struggle with drug issues and has received prison sanctions for drug-related activity. Def. Ex. C at 1, ECF 50. In 2019, he tested positive for methamphetamine and admitted to using the drug while incarcerated. *Id*. Defendant points out that since Defendant's transfer to USP Atwater in March 2019, he has had no infractions. Def. Mot. 4. However, that is insufficient to establish that he no longer remains a danger to others or to the community. *See United States v. Rosander*, No. 3:17-CR-00051-HZ-3, 2020 WL 5993065, at *4 (D. Or. Oct. 2, 2020) ("The Court commends Defendant for her conduct during pretrial supervised release and during her incarceration thus far, but that alone is insufficient to establish that she no longer remains a danger to others or to the community."); *Baye*, 464 F. Supp. at 1191 (finding that despite having no disciplinary infractions, because of defendant's significant number of convictions, including violent felonies, and given that he always quickly recidivated, compassionate release was not warranted).

The 80-month sentence ordered by the Court was necessary to reflect the seriousness of offense, deter Defendant's engagement in violent crimes, and to protect the public. Although he has completed more than half of his sentence, reducing Defendant's sentence would undermine the sentencing factors under 18 U.S.C. 3553(a). As a result, the Court finds that compassionate release is not warranted.

/ / /

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:_____December 1, 2020__.

_____Marco Hernández_____
MARCO A. HERNÁNDEZ
United States District Judge

10 – OPINION & ORDER